IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Anders Tronsen, | : | Civil Case No. 3:06CV7089 |
| Plaintiff, | : | |
| vs. | : | |
| Lucas County Board of Elections, et al., | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| Defendants. | | |

The parties have consented to have the undersigned Magistrate enter judgment in this case filed pursuant to 42 U.S.C. § 1983. Pending before the Court are a (1) Motion to Dismiss filed by the Defendant State of Ohio (State Defendant) (Docket No. 24) and Plaintiff's Response (Docket No. 25); (2) Motion to Dismiss filed by Defendant Lucas County Board of Elections (Board Defendant) (Docket No. 32), Plaintiff's Response (Docket No. 33) and Board Defendant's Reply (Docket No. 34); (3) Board Defendant's Motion for Leave to File an Amended Answer (Docket No. 35) and Plaintiff's Opposition (Docket No. 41); (4) Plaintiff's Motion to Amend Complaint (Docket No. 40) and (5) Defendant's unopposed Motion to Revoke Plaintiff's *In Forma Pauperis* Status (Docket No. 43).

For the following reasons, the State Defendant's Motion to Dismiss is granted, the Board

Defendant's Motion to Dismiss is granted, Defendant's Motion for leave to File Amended Answer is denied as moot, Plaintiff's Motion to Amend Complaint is denied as moot and Defendant's Motion to Revoke is denied.

## FACTUAL BACKGROUND

Plaintiff is a married male and registered voter residing in Lucas County, Ohio (Docket No. 1, ¶ 1). The Board Defendant exercises it duties pursuant to OHIO REV. CODE § 3501.11 including but not limited to administering elections in Lucas County, Ohio (Dockets No. 1, ¶ 2 & 27, ¶ 2).

As of March 2006, Plaintiff learned that the incumbent office holder in the state legislative house district in which he resides, District 46, was running unopposed for re-election in 2006 (Docket No. 1, ¶ 3). Dissatisfied with the performance of the incumbent, Plaintiff, seeking nomination for the Democratic party primary election on May 2, 2006, completed a "Declaration of Intent to be a Write-in Candidate" form and mailed it to the Board Defendant without the statutory filing fee of $85 (Docket No. 1, ¶ 4 & Exhibit No. 1, Docket No. 32, p. 4). Jill Kelley, Director of the Board Defendant, called Plaintiff and informed him that although timely mailed, the declaration required a fee (Docket No. 34, p. 4). Plaintiff was apprised that the fee was not waivable and that his votes would only be counted if he paid the required fee (Docket No. 34, p. 4). Plaintiff did not make the requisite payment and his Declaration was disqualified.

Plaintiff received two votes in the primary election for the Democratic nomination for state representative in State House District 46 (Docket No. 32, p. 5). State law requires, however, that all write-in candidates seeking nomination for the position of state representative must receive fifty write-in votes (Docket No. 32, p. 11).

## PROCEDURAL BACKGROUND

On March 16, 2006, Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, alleging a denial

of his constitutional rights to equal protection under the Fourteenth Amendment to the U.S. Constitution (Docket No. 1, p. 3). Specifically, Plaintiff alleges that he is indigent and should be permitted to file a "Declaration of Intent to be a Write-in Candidate" for the May 2, 2006 primary election without paying the statutorily required filing fee (Docket No. 32, p. 4). On May 1, 2006, the State Defendant filed a Motion to Dismiss pursuant to the Eleventh Amendment to the U.S. Constitution's sovereign immunity clause (Docket No. 24). On August 17, 2006, the Board Defendant filed a Motion to Dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction (Docket No. 32, p. 1). Subsequently, on October 1, 2006, the Board Defendant filed a Motion for Leave to File an Amended Answer to assert its own Eleventh Amendment immunity as an affirmative defense (Docket No. 35-1).

## MOTION TO DISMISS STANDARD

When subject matter jurisdiction is challenged pursuant to FED. R. CIV. P.12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (*citing Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). Specifically, the plaintiff must show that the complaint "alleges a claim under federal law, and that the claim is 'substantial.'" *Id.* (*citing Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)). The plaintiff will survive the motion to dismiss by showing "any arguable basis in law" for the claims set forth in the complaint. *Id.* The Court will construe the complaint in a light most favorable to the plaintiff, accept as true all of plaintiff's well-pleaded factual allegations, and determine whether the plaintiff can prove no set of facts supporting [the] claims that would entitle him to relief. *Id.* (*citing Ludwig v. Bd. of Trs. of Ferris State Univ.*, 123 F.3d 404, 408 (6th Cir. 1997)).

## DISCUSSION

**State Defendant's Motion to Dismiss (Docket No. 24)**

Plaintiff claims that the statute requiring write-in candidates to pay a filing fee is unconstitutional if the statute fails to include an exception for indigents (Docket No. 1, p. 3). The State Defendant argues that even if the assertions are true, this Court lacks subject matter jurisdiction over Plaintiff's claims because the State of Ohio is not a "person" for the purposes of a 42 U.S.C. § 1983 action. Plaintiff essentially claims that this Court does have jurisdiction because the law affords a presumption that lawsuits against the state are allowed, and if the suit is not allowed, Plaintiff will have no remedy for his grievances.

The issue before this Court is whether there is a basis for federal subject matter jurisdiction in this case. Title 28 U.S.C. § 1331 provides that the "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* (*citing Louisville & Nashville R.R. Co. v. Mottley*, 29 S. Ct. 42, 43 (1908)). Accordingly, a case arises under federal law, for purposes of Section 1331, when it is apparent from the face of the plaintiff's complaint either that the plaintiff's cause of action was created by federal law, *Id.* (*citing Mottley*, 29 S. Ct. at 43), or if the plaintiff's claim is based on state law, or a substantial, disputed question of federal law is a necessary element of the state cause of action. *Id.* (*citing Gully v. First Nat'l Bank*, 57 S. Ct. 96, 97-98 (1936); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 103 S. Ct. 2841, 2855-2856 (1983)).

The Eleventh Amendment to the U.S. Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. It is a general and well settled rule that "an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst*

*State Sch. & Hosp. v. Halderman*, 104 S. Ct. 900, 908 (1984) (*quoting Employees v. Missouri Dept. of Public Health and Welfare*, 93 S. Ct. 1614, 1616 (1973)). The Supreme Court has determined that the Eleventh Amendment prohibits citizens from suing the states in federal court except under limited circumstances. *See Alden v. Maine*, 119 S. Ct. 2240, 2266-68 (1999); *Seminole Tribe of Florida v. Florida*, 116 S. Ct. 1114, 1123 (1996). The circumstances that allow a citizen to sue a state directly in federal court are present if "a state consents to suit or the case concerns a statute passed pursuant to Section 5 of the Fourteenth Amendment, such as Title VII claims" *Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). If these circumstances are not present, the Eleventh Amendment provides a jurisdictional bar to the suit against the state regardless of the nature of the relief sought. *Pennhurst*, 104 S. Ct. at 908.

A state may waive its Eleventh Amendment immunity only "by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Ohio v. Madeline Marie Nursing Homes # 1 & # 2*, 694 F.2d 449, 460 (6th Cir. 1982) (*quoting Elderman v. Jordan*, 94 S. Ct. 1347, 1361 (1974)). Additionally, the Eleventh Amendment's bar can be overcome only when a state's consent to be sued in federal court is "unequivocally expressed." *Pennhurst*, 104 S. Ct. at 907. Finally, "a state may retain Eleventh Amendment immunity from suit in federal court even if it has waived its immunity and consented to be sued in its state courts." *Mixon*, 19 F. 3d at 397.

The State Defendant has not waived its sovereign immunity in federal court. The State Defendant consented to being sued for this type of action only in the Ohio Court of Claims. Ohio's state law notes that "[t]he state hereby waives its immunity from liability… and consents to be sued, and have its liability determined, in the [Ohio] court of claims." OHIO REV. CODE § 2743.02(A)(1) (Thomson/West 2006). Alternatively, Plaintiff "must allege a violation of a congressional statute

5

enacted under Section 5 to state a claim against a state under the Equal Protection Clause." *Mixon*, 19 F. 3d at 397-98. Plaintiff has not done so here. Because Plaintiff has not demonstrated that the State Defendant has consented to this type of litigation being filed in federal court and has not demonstrated a violation of a congressional statute enacted under Section 5 of the Fourteenth Amendment, his claim against the State Defendant must be dismissed.

Plaintiff offers no authority to support his claim that the United States Constitution "has a beginning stance that suits against the state are allowed" (Docket No. 25, p. 2). Plaintiff has also failed to cite authority to support his contention that the application of election laws is entitled to special protection which allows this Court to circumvent its justiciability requirements. Therefore, Plaintiff's allegations suggesting that federal law allows his claim are unsupported. On the contrary, such a claim against a state in federal court without the consent of that state is expressly forbidden by federal law and the Eleventh Amendment. Consequently, this Court lacks jurisdiction over the State Defendant. Accordingly, viewing the complaint in a light most favorable to Plaintiff, the undersigned finds no arguable basis in law for the complaint against the state, and that Plaintiff can prove no set of facts which entitle him to relief.

Because this Court lacks subject matter jurisdiction, the Court finds it unnecessary to address the State Defendant's alternative grounds for its Motion to Dismiss. Thus, the Magistrate orders that the State Defendant's Motion to Dismiss for lack of subject matter jurisdiction due to sovereign immunity is granted.

**Board Defendant's Motion to Dismiss (Docket Nos. 32)**

The Board Defendant has moved this Court to dismiss the complaint against it pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction. The Board Defendant argues that: 1) Plaintiff lacks standing, Plaintiff's claims are moot, and any potential claims of Plaintiff are not ripe. Thus, the

Board Defendant argues there is no case or controversy present, and the constitution requires dismissal of Plaintiff's claim. In his response, Plaintiff fails to address the merits of Defendant's Motion to Dismiss and, instead, reasserts allegations made in the complaint and attacks several of the Board Defendant's defenses in its answer.

Article III § 2 of the United States Constitution only extends federal judicial power to "Cases" or "Controversies." *Steel Co. v. Citizens for a Better Env't*, 118 S. Ct. 1003, 1016 (1998). "Standing to sue is part of the common understanding of what it takes to make a justiciable *case*." *Id.* (*citing Whitmore v. Arkansas*, 110 S. Ct. 1717, 1723 (1990) (emphasis added)). To establish standing under Article III of the U.S. Constitution, Plaintiff must demonstrate at least the following: (1) an injury in fact; that is, a harm suffered by Plaintiff that is concrete and actual or imminent, not hypothetical or conjectural; (2) causation—a fairly traceable connection between Plaintiff's injury and the complained of conduct of Defendant; and (3) redressability—a likelihood that the requested relief will redress the alleged injury. *Id.* at 1016-17; *L.A. v. Lyons*, 103 S. Ct. 1660, 1665 (1983); *Simon v. E. Ky. Welfare Rights Org.*, 96 S. Ct. 1917, 1926 (1976); *Warth v. Seldin*, 95 S. Ct. 2197, 2208 (1975). Plaintiff must allege that he or she has suffered a particularized injury; injury to the public is not sufficient to establish standing. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 120 S. Ct. 693, 704 (2000).

In the present case, Plaintiff has not alleged a particularized injury in fact. Plaintiff claims that Ohio law violates the U. S. Constitution because it does not provide a waiver for indigents of the filing fee to run for a position in the Ohio General Assembly. Plaintiff also alleges that, because he is indigent and the Board Defendant rejected his otherwise valid Declaration of Intent to be a Write-in Candidate. Plaintiff was injured because he was not able to run in the Ohio General Assembly election. The Board Defendant claims that Plaintiff lacks an injury because he is not indigent and thus cannot be harmed from the lack of a waiver of the filing fee for indigents. To support this claim, the Board Defendant

offers evidence of a finding of the Lucas County Court of Common Pleas that Plaintiff is not indigent, based on his spouse's income. The Board Defendant also claims that Plaintiff failed to otherwise receive the minimum number of required primary votes to be an official write-in candidate on the general election ballot. Because Plaintiff failed to receive fifty write-in votes during the primary election, the Board Defendant argues their disqualification of Plaintiff's Declaration failed to constitute to an injury in fact.

The Court finds that Plaintiff's status as indigent is ambiguous. A federal court makes its own findings as to the indigent status of a party when it rules on an application of a party to proceed *informa pauperis*. In the present case, Plaintiff's application to proceed *informa pauperis* was granted (Docket No. 9). Therefore, at the very least, the determination as to whether Plaintiff is indigent is a question of fact. For purposes of Defendant's Motion to Dismiss, the Court must accept as true all of Plaintiff's well-pleaded factual allegations. *Mich. S. R.R. Co.*, 287 F.3d at 573. Therefore, the Board Defendant's claim that Plaintiff is not indigent is unpersuasive.

Assuming Plaintiff's indigency, he has suffered no injury in fact from the Board Defendant. Had the Board Defendant waived the filing fee and not disqualified Plaintiff's Declaration of Intent to be a Write-in Candidate, Plaintiff would still not be eligible for the nomination for the seat in the Ohio General Assembly. Even though votes for Plaintiff would not count because of his failure to pay the fee, electors were still able to cast a write-in ballot for him in the primary election. Plaintiff did receive two votes in the May primary. However pursuant to Ohio law, all write-in candidates seeking nomination for the position of state representative must receive at least fifty write-in votes during the primary election. *See* OHIO REV. CODE §§ 3513.05, 3513.23(B) (Thomson/West 2006). Plaintiff failed to receive the required minimum of fifty write-in votes required by Ohio law to be a candidate for the Ohio General Assembly. Therefore, Plaintiff has not demonstrated a particularized injury and causation

by the Board Defendant. As a result, Plaintiff lacks standing in federal court.

Assuming that Plaintiff was in fact injured and the other requirements of standing were satisfied, the Board Defendant claims that Plaintiff's claim is still moot. The United States Constitution prohibits federal courts from adjudicating moot claims. *Rosales-Garcia v. Holland*, 322 F.3d 386, 394 (6th Cir. 2003) *cert. denied* 123 S. Ct. 2607 (2003) (*citing McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997)). An action must be dismissed unless "the relief sought would, if granted, make a difference to the legal interests of the parties." *Id.*

In the present case, Plaintiff seeks damages because he was allegedly denied access to the election ballot for the Ohio General Assembly election. As noted above, Plaintiff is in the same situation he would have been in had the Board Defendant waived his filing fee. The receipt of two votes was well below the fifty votes required for eligibility as an official write-in candidate. Consequently, Plaintiff's legal interests were not compromised since he would not have been certified to be an official write-in candidate. Therefore, Plaintiff's claim is moot.

Alternatively, the Board Defendant alleges that any of Plaintiff's future claims are not ripe for adjudication. The doctrine of ripeness is designed "to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Ky. Press Ass'n, Inc. v. Kentucky*, 454 F.3d 505, 509 (6th Cir. 2006) (*citing Thomas v. Union Carbide Agric. Prods. Co.*, 105 S. Ct. 3325, 3332 (1985) (internal quotations omitted)). "Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all." *Id.* (*quoting Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 294 (6th Cir. 1997). In determining whether a claim is ripe, three factors must be considered when deciding to review the claim: (1) "the likelihood that the harm alleged by the plaintiffs will ever come to pass"; (2) "whether the factual record is sufficiently developed to produce a fair adjudication of the merits of the parties' respective claims"; and (3) "the hardship to the parties if the

9

judicial relief is denied at this stage in the proceedings." *Id.* (*quoting Adult Video Ass'n v. U.S. Dep't of Justice*, 71 F.3d 563, 568 (6th Cir. 1995) (internal quotations and brackets omitted)).

If Plaintiff were to claim that his constitutional rights are still violated because he may attempt to run for the nomination in the next election year, such a claim is speculative and would fail to satisfy each of the three prongs of the ripeness inquiry. Even conceding that it is likely that Plaintiff may run for the Ohio General Assembly seat again and receive the minimum of fifty votes in the primary election, the factual record is not sufficiently developed to produce a fair adjudication of this claim. Finally, Plaintiff would suffer no hardship from dismissing his claim based on ripeness because his claim fails on other jurisdictional requirements. Thus, Plaintiff's claim is also not ripe for adjudication.

Alternatively, Plaintiff's claim against the Board Defendant cannot proceed in federal court because of the Eleventh Amendment's sovereign immunity provision. Even though the Board Defendant has not raised the Eleventh Amendment sovereign immunity question in its Motion to Dismiss, the court "may sua sponte raise the issue of lack of jurisdiction because of the applicability of the eleventh amendment." *Mixon*, 19 F. 3d at 397. The Eleventh Amendment's sovereign immunity provision not only prohibits suits against an unconsenting state, it also applies to suits against state agencies and state officials where the real party in interest is the state. *See Ford Motor Co. v. Dep't of Treasury*, 65 S. Ct. 347, 350 (1945). Where a state agency's action is authorized by statute and the action is done in the agency's official capacity, the Eleventh Amendment acts as a bar to suit because the suit is actually against the state itself. *Id.*

In the present case, the Board Defendant is merely an agent of the State of Ohio. It acted pursuant to state statute when it required Plaintiff to pay the required filing fee. Therefore, the State of Ohio is actually the real party in interest. It follows that if this Court lacks subject matter jurisdiction over the State Defendant, jurisdiction is also lacking over the Board Defendant.

Accordingly, Plaintiff lacks standing to bring this claim. In addition, Plaintiff's claim is moot, and any future claims are not ripe for adjudication. Additionally, Plaintiff's claim against the Board Defendant is also barred by the Eleventh Amendment. Thus, for Section 1983 purposes, this Court lacks jurisdiction to adjudicate this claim. For the foregoing reasons, the Magistrate finds that this Court lacks subject matter jurisdiction over the Board Defendant. Accordingly, the Magistrate orders that the Board Defendant's Motion to Dismiss for lack of subject matter jurisdiction is granted.

**Plaintiff's Motion to Amend Complaint (Docket No. 40)**

Plaintiff requests leave to amend his complaint to include a claim that he has been denied access to the election system in Lucas County.

FED. R. CIV. P. 15(a) governs amendments to pleadings. *Brainard v. American Skandia Life Assur. Corp.*, 432 F.3d 655, 666 (6th Cir. 2005). Although a party may amend a pleading once as a matter of right if it is done before a responsive pleading is served, a party may otherwise amend the party's pleading only by leave of the court or by written consent of the adverse party. *Id.* (*citing* FED. R. CIV. P. 15(a)). Although leave shall be freely given when justice so requires, *Id.,* the ultimate decision of whether to permit amendments rests within the court's discretion. *Id.* (*citing Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1986)).

The Magistrate finds that the Motion to Amend should be denied for three reasons. First, the amended claim merely reiterates Plaintiff's entire cause of action. Second, the amended claim fails to allege any factual basis upon which to base this Court's jurisdiction. Third, the amendment does not provide sufficient detail of a claim to give any of the Defendants fair notice of the claims against them. Such Motion to Amend is denied.

**Board Defendant's Motion for Leave to File an Amended Answer (Docket No. 35)**

The Board Defendant has moved this Court for permission to file an amended answer. The

Magistrate finds that Plaintiff lacks standing to bring this action against the Board Defendant. Accordingly, an amended answer has been deemed unnecessary. The Board Defendant's Motion for Leave to File an Amended Answer is denied as moot.

### Board Defendant's Motion to Revoke *In Forma Pauperis* Status (Docket No. 43)

Plaintiff was granted leave to proceed *in forma pauperis*. The Board Defendant moves the Court for an order to revoke Plaintiff's indigent status and require that he pay the applicable filing fee. Plaintiff did not file a responsive pleading.

The court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(Thomson/West 2006). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 109 S. Ct. 1827, 1831-1832 (1989). An action is frivolous within the meaning of Section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. *Id.* A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Benzon v. Morgan Stanley Distribution, Inc.,* 420 F.3d 598, 605 (6th Cir.2005).

Applying these standards, the Magistrate concludes that Plaintiff has failed to state viable legal claims against the Board Defendant and Plaintiff's claim against the State of Ohio is barred by immunity. However, the privilege of proceeding *in forma pauperis* insures that indigent persons will have equal access to the justice system. The record before the court fails to satisfy the undersigned that Plaintiff's pauper status in this case should be revoked. Accordingly, the Motion to Revoke his indigent status is denied.

## **CONCLUSION**

For the foregoing reasons, the Magistrate finds as follows: State Defendant's Motion to Dismiss is granted (Docket No 24), Board Defendant's Motion to Dismiss is granted (Docket No. 32), Defendant's Motion for leave to File Amended Answer is denied as moot (Docket No. 35), Plaintiff's Motion to Amend Complaint is denied as moot (Docket No. 40) and Defendant's Motion to Revoke *In Forma Pauperis* Status is denied (Docket No. 43).

So ordered.

/s/ *Vernelis K. Armstrong*
United States Magistrate Judge

Date: 03/29/07